```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          *

      vs.                        *   CRIMINAL NO. MJG-10-0665

RANDOLPH BURKE WELLS              *

*   *   *   *   *   *   *   *   *

MEMORANDUM AND ORDER RE: SENTENCE

The Court has before it the Government's Motion for Court to Enter Judgment Consistent with Sentence Announced on August 5, 2011 [Document 37] and the materials submitted relating thereto.  The Court has held a hearing and had the benefit of the arguments of counsel.

A.  BACKGROUND

On August 5,[1] the Court pronounced a sentence of 188 months of incarceration.  On August 8, Defendant Wells filed the Motion to Correct Sentence [Document 28] pursuant to Federal Rule of Criminal Procedure 35(a) and (c) requiring judicial action within 14 days of sentencing, i.e. by August 19.

In the Order Rescinding Sentence [Document 34] the Court stated:

> The motion, presenting authority from the
> United States Court of Appeals for the
> Fourth Circuit that had not been presented

---

[1] All date references are to the year 2011, unless otherwise indicated.

> at the sentencing hearing, warrants a
> response from the Government and
> consideration by the Court. However, the
> respective schedules of counsel and the
> Court have provided no opportunity for a
> full response by the Government and full
> consideration by the Court within the period
> provided by the Rule. Government counsel has
> advised the Court that the Government does
> not agree with the Defendant's position as a
> substantive matter and also contends,
> procedurally, that the Court does not have
> jurisdiction to act on the motion under Rule
> 35.
>
> Under the circumstances, it appears most
> sound to provide Government counsel adequate
> time to respond fully to the motion and to
> conduct a hearing on the issues presented.

The Court, therefore, stated that it rescinded the sentence orally announced and denied the Defendant's Motion to Correct Sentence as moot. The Government, by the instant motion, seeks to have the Court rescind its purported rescission of the orally announced sentence and enter Judgment pursuant to the orally announced sentence.

B. <u>DISCUSSION</u>

At sentencing, the Court applied a career offender enhancement pursuant to U.S.S.G. § 4B1.1 and 28 U.S.C. § 994(h) by virtue of considering the Defendant's 1993 conviction as constituting a conviction of a crime of violence. The said conviction was obtained, by means of an <u>Alford</u> plea, to a charge that the Defendant did "beat and batter the said [police]

Officer Timothy Wolford, against the peace, government and dignity of the State."

Inasmuch as the conviction had been obtained by means of an Alford plea, it was necessary to determine whether the Defendant had been convicted of common law battery or – by virtue of the "beat and batter" language – of something more than common law battery. The Government contended, plausibly, that the charge's use of the word "beat" in addition to "batter" rendered the charge more than mere battery. Defense counsel argued that the words "beat and batter" were commonly used in Maryland to charge simple common law battery but was not able, upon a request from the Court, to provide authority for this position. On the record of the sentencing hearing, the Court found the Government's argument persuasive, held that the charge of the 1993 conviction was more than battery and included some element of force.

In his Rule 35 motion, the Defendant presented the decision of Judge Niemeyer in United States v. Kirksey, 138 F.3d 120 (4th Cir. 1998) stating:

> The assault count, without recounting any facts, charged that Kirksey "unlawfully did make an assault upon, and did then and there beat the aforesaid Complainant; against the peace, government and dignity of the State." As Kirksey argues, the term "beat" as used in the count is the common law verb for a battery. See Lamb v. State, 93 Md. App. 422, 428-29, 613 A.2d 402 (Md. Ct. Spec. App.

3

>           1992).  Thus the language of this count is
>           conclusory and failed to reveal the fact
>           that the assault actually involved violence.

Id. at 122.

The Government contends that:

   1.   The career offender determination made at the
        sentencing hearing was correct.

   2.   Even if the determination were not correct, Rule
        35(a) did not authorize the Court to rescind the
        announced sentence.


   1.   Was the Career Offender Determination Correct?

The Government presents various arguments to support its contention that the career offender enhancement was properly applied.  The Court - with the benefit of Judge Niemeyer's Kirksey decision - finds the Government's arguments unpersuasive, although not frivolous.  The Court, therefore, concludes that it was not correct to apply a career offender enhancement at sentencing.  This conclusion is amply supported by the post-sentencing decision of the United States Court of Appeals for the Fourth Circuit in United States v. Taylor, ___ F.3d ___ (2011), No. 09-5152, issued October 24, 2011.  In Taylor the Fourth Circuit stated that it had, in United States v. Alston, 611 F.3d 219, 227 (4th Cir. 2010), "held that conviction resulting from an Alford plea could not serve as an ACCA predicate."  Taylor, slip op. at 14.  This statement, if

taken literally, would eliminate altogether any reliance upon the 1993 Alford plea.

The Court's finding that it had been error to apply the career offender enhancement at sentencing does not resolve the issue now presented – whether the Court has authority to rescind the orally announced sentence.

2. Was There Rule 35(a) Authority?

It appears that the only authority for the Court to have rescinded the orally announced sentence would be provided by Rule 35(a). The Rule states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Here, there is no contention that there was an arithmetical or technical error.

Rule 35(a) is intended to open a narrow window of time for sentence modification and is not a mechanism to "reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." Fed. R. Crim. P. 35(a), Advisory Comm. Note (1991 Amendment). Rather, the justification of Rule 35 is to offer a "prompt method" for fixing "obvious sentencing errors."[2] Id. Furthermore, the

---

[2] The Advisory Committee stated that if the [then] seven-day time period expired, a defendant being detained pursuant to a

5

Advisory Committee stated that the brevity of the jurisdictional grant to alter a final sentence served to allow the appellate process to proceed "without delay and without jurisdictional confusion."  Id.

   a.  Clear Error

The Court does not find the erroneous application of the career offender enhancement to constitute "clear error" within the meaning of Rule 35(a).  Indeed, if "error" is construed to refer to the decision based upon the record of the sentencing hearing, one could debate whether there was an "error" by a judge not advised of the Kirksey decision.

More significantly, perhaps, the Government presented, and still presents, arguments for the application of the enhancement that this Court does not find frivolous.  With the Government presenting non-frivolous arguments, the Court did not make the type of "obvious sentencing error" that would justify the application of Rule 35(a).

   b.  Correction of a Sentence

Rule 35(a) states that the "court may correct a sentence that resulted from arithmetical, technical, or other clear

---

"plainly illegal sentence" could obtain relief through 18 U.S.C. § 2255.  Id.

error."  The use of the term "correct . . . a sentence," in context seems most sensibly to refer to a ministerial type of action rather than to a substantial resentencing hearing, as would be required in the instant case.

   3.   Resolution and Procedural Posture

The Court finds that it did not have authority to rescind the orally announced sentence and that it properly denied Defendant's Rule 35(a) motion.  Accordingly, it will enter judgment pursuant to the announced sentence.

The Court – having concluded that it will be entering Judgment on a sentence that it now finds to have been incorrectly based - must note the unusual procedural context.

As stated above, the Advisory Committee stated that the brevity of the jurisdictional grant to alter a final sentence served to allow the appellate process to proceed "without delay and without jurisdictional confusion."  Hence, in a "normal" case, the Defendant would be able to have the sentence reviewed on appeal.  However, in the instant case, the Defendant entered into a plea agreement that waived appeal from a sentence within whatever Sentencing Guideline range was determined by the Court.  Hence, a direct appeal is unavailable.

The plea agreement does provide the Defendant with appellate review of the instant decision, based upon Defendant's

Rule 35(a) motion. However, this appeal would be limited to whether there was "clear error."

The Court must note, however, as noted by the Advisory Committee, it is possible that a Defendant unable to utilize Rule 35(a) may find an avenue for relief under 22 U.S.C. § 2255. In the instant case, the Court will note, for the benefit of any judge who may consider a § 2255 motion by Defendant, that had defense counsel cited the Kirksey decision at the sentencing hearing it would not have applied the career offender enhancement.

For the foregoing reasons:

1. The Government's Motion for Court to Enter Judgment Consistent with Sentence Announced on August 5, 2011 [Document 37] is GRANTED.

2. The Order Rescinding Sentence [Document 34] is hereby rescinded.

3. The Court shall enter Judgment consistent with the pronounced sentence.

4. Defense counsel shall file a timely appeal presenting all issues on which Defendant has not waived his appellate rights.

5. Defense counsel shall advise Defendant of the time limits pertinent to the filing of a motion under 18 U.S.C. § 2255.

SO ORDERED, this Thursday, November 09, 2011.

_____/s/_____
Marvin J. Garbis
United States District Judge